# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| LA UNION DEL PUEBLO ENTERO, SARAH DOE, MARY DOE, JOHN DOE, AND JAMES DOE., *Plaintiffs,* v. GREGORY ABBOTT, ET AL., *Defendants.* | CIVIL ACTION NO. 1:24-CV-270-DAE |

## JOINT MOTION TO STAY TRIAL PROCEEDINGS

Greg Abbott, in his official capacity as Governor of Texas; Steven McCraw, in his official capacity as Director of the Texas Department of Public Safety; Ken Paxton, in his official capacity as the Attorney General of Texas; Josh Tetens, in his official capacity as the District Attorney of McLennan County; and Toribio "Terry" Palacios, in his official capacity as the Criminal District Attorney of Hidalgo County; along with La Union Del Pueblo Entero ("LUPE"), Sarah Doe, Mary Doe, John Doe, and James Doe, respectfully request a stay of all trial court deadlines and proceedings in this case pending the Fifth Circuit's decision on the district court's preliminary injunction in the related case *United States v. Texas, et.al.*, No. 1:24-cv-00008-DAE.[1]

Good cause exists for a stay. Senate Bill 4 (88th Leg. (4th Special Session)) ("S.B. 4"), was preliminarily enjoined before Plaintiffs commenced this legal action. That injunction remains in effect. The grant of a preliminary injunction against the enforcement of S.B. 4 was appealed, with

---

[1] Defendant district attorneys for Harris and Bastrop Counties have not yet appeared in the case.

proceedings ongoing in the U.S. Court of Appeals for the Fifth Circuit. *See generally United States v. Texas*, 97 F.4th 268 (5th Cir. 2024). The Fifth Circuit's (and, possibly, the U.S. Supreme Court's) review of the preliminary injunction order is likely to substantially affect subsequent proceedings in this litigation. Accordingly, staying all proceedings in this case will conserve the parties' and the Court's resources.

## BACKGROUND

This action stems from Plaintiffs'[2] challenge to Texas' S.B. 4. This lawsuit is the third in a series of lawsuits challenging S.B.4. The other two lawsuits have been consolidated.[3]

On February 29, 2024, Las Americas' and the United States' respective motions for a preliminary injunction were granted. Ex. A. While the appellate courts were considering the appropriateness of injunctive relief, on March 12, 2024, LUPE and four individual plaintiffs, proceeding under a pseudonym, sued Defendants Greg Abbott, in his official capacity as Governor of Texas; Steven McCraw, in his official capacity as Director of the Texas Department of Public Safety; Ken Paxton, in his official capacity as the Attorney General of Texas; and four district attorneys across the state. ECF No. 1 at 3-6.

---

[2] La Union del Pueblo Entero ("LUPE") and individual "Doe" plaintiffs (collectively, "LUPE Plaintiffs") filed suit on March 12, 2024. *See generally* ECF No. 1.

[3] The initial lawsuit, submitted by Las Americas Immigration Advocacy Center, American Gateways, and the County of El Paso, was filed on December 19, 2023. *See Las Americas Immigrant Advocacy Center, et. al. v. Steven C McCraw, et. a*l., No. 1:23-cv-15370-DII (W.D. Tex. Dec. 19, 2023); ("Las Americas' Complaint"). A few weeks later, the United States filed its complaint on January 3, 2024. ("USA's Complaint"). These two cases were consolidated on January 31, 2024, and the later of the cases was declared the lead case. (ECF No. 45 in *Las Americas Immigrant Advocacy Center, et. al. v. Steven C McCraw, et. al.*, No. 1:23-cv-15370-DII (W.D. Tex. Dec. 19, 2023)).

As with the Las Americas and United States complaints, LUPE Plaintiffs argue that similar Constitutional provisions and federal statutes provide support for their claim the federal government possesses exclusive authority to handle matters related to the entry and removal of aliens. *Id.* at 20. While LUPE Plaintiffs' complaint includes claims based on the Fourth and Eighth Amendments, as well as a due process claim, those claims rely on the same facts as the preemption claims. *Id.* at 21-24.

## ARGUMENT

This Court should use its inherent authority to stay this action until the Fifth Circuit's pending decision clarifies the significant legal issues presented by LUPE Plaintiffs' claims. A stay during the pendency of the Fifth Circuit's review would allow all parties to effectively and efficiently litigate the issues. Any opinion by the Fifth Circuit will be instructive to the parties because of the significant overlap between legal issues before this Court and before the Fifth Circuit now. Such guidance will allow the parties to effectively marshal their resources to litigate these claims without running the risk of having to duplicate work depending on how the Fifth Circuit rules.

Recognizing these benefits, the parties in the Las Americas' and the United States' consolidated action jointly moved to stay proceedings during the pendency of the appeal. *United States v. Texas,* No. 1:24-cv-00008-DAE (W.D. Tex. Apr. 19, 2024). The Court granted that motion. Ex. B. It should do the same here.

### I. A Stay is Appropriate Because the Fifth Circuit's Disposition of this Court's Preliminary Injunction Order Will Advise on Dispositive Issues.

This Court has broad discretion to stay a case pending the outcome of proceedings in another court. "[T]he power to stay proceedings is incidental to the power inherent in every court to control

the disposition of the causes of its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). When determining whether a stay is appropriate, this Court must weigh the competing interests of the parties. *See Franciscan All., Inc. v. Burwell*, No. 7:16-CV-00108-O, 2016 WL 9281524, at *2 (N.D. Tex. Nov. 1, 2016) ("District courts are to 'weigh competing interests and maintain an even balance' in deciding whether to issue a stay"' (citing *Landis*, 299 U.S. at 254)); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (courts may consider "the possible damage which may result from the granting of a stay, the hardship or inequity … in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay"). When there are "serious legal question[s] … involved" in adjacent appellate proceedings, this interest balancing weighs "heavily" in favor of a stay. *Whole Woman's Health v. Hellerstedt*, No. A-16-CA-1300-SS, 2017 WL 5649477, at *2 (W.D. Tex. Mar. 16, 2017) (citations omitted).

As noted above, LUPE Plaintiffs allege that S.B.4 is preempted by federal law and should be enjoined. *See* ECF No. 3 at 1 (LUPE Plaintiffs stating they are seeking a "declaration that [S.B.4] is unconstitutional because it is preempted by federal law" and seeking to "enjoin the further enforcement of S.B. 4 on that basis"). This is the same question currently on appeal before the Fifth Circuit, where it has been briefed and argued. *See generally United States v. Texas*, 97 F.4th 268 (5th Cir. 2024). This Court and all Parties would benefit from knowing the disposition of the appeal of the preliminary injunction and any subsequent appellate review, including on questions of the merits of Plaintiffs' constitutional claims, before engaging in further proceedings with this Court. For this reason, courts consistently stay cases pending the outcomes of appellate

4

proceedings that may change, dispose of, or inform a party's claims. *See*, *e.g.*, *Whole Woman's Health*, 2017 WL 5649477, at *2 (granting defendant's motion to stay the district court proceedings pending the Fifth Circuit's resolution of "significant" legal questions raised in defendant's appeal of the district court's grant of a preliminary injunction.)

Because the Fifth Circuit's "answers [to] the significant legal questions of this case will likely alter upcoming proceedings," *Whole Woman's Health*, 2017 WL 5649477 at *2, this Court should issue a stay of these trial proceedings pending resolution of the appeal to the Fifth Circuit of the preliminary injunction order.

**II. A Stay Would Enhance the Efficient Adjudication of this Matter and Will Not Prejudice any Party.**

The clarity provided by the Fifth Circuit will also allow the parties and this Court to marshal their resources effectively and responsibly, especially in a case like this, where the arguments of LUPE Plaintiffs are directly aligned with the other Plaintiffs and stem from the same controlling legal issues, and which the Fifth Circuit will necessarily address in its pending decision. Indeed, "[a] stay pending the outcome of litigation between the same parties, involving the same or controlling issues, is an acceptable means of avoiding unnecessary duplication of judicial machinery." *ACF Indus., Inc. v. Guinn*, 384 F.2d 15, 19 (5th Cir. 1967) (citing *Landis*, 299 U.S. 248).

There are substantial legal issues on appeal that open the parties and this Court up to a high risk of costly, duplicative litigation if this case is not stayed. Simply put, if a stay is not issued, the parties will be required to undergo significant briefing and discovery—each of which run the risk of being materially altered by an upcoming decision of the Fifth Circuit. *Cf. Washington v. Trump*, No. C17-0141JLR, 2017 WL 2172020, at *2 (W.D. Wash. May 17, 2017) ("Although the [appellate

court] is not considering discovery issues on appeal, it is likely to decide legal issues that will impact the court's resolution of the parties' discovery disputes here by clarifying 'the applicable law or relevant landscape of facts that need to be developed.'") (citation omitted); *Freedom Watch, Inc. v. Dep't of State*, 925 F. Supp. 2d 55, 59 (D.D.C. 2013) (granting a stay "[n]ot needing more lawyers to spend more time on more briefs on more subjects"). In other words, a stay serves the public interest since "[c]ontrolling litigation expenses and conservation of judicial resources serves not only the parties and the Court, but also the public as a whole." *Astec Am., Inc. v. Power-One, Inc.*, No. 6:07-cv-464, 2008 WL 11441994, at *3 (E.D. Tex. July 15, 2008).

Further, any potential prejudice to the Parties from a stay is mitigated by the fact that S.B. 4 is currently enjoined from taking effect. "That injunction prevents enforcement of any part of S.B. 4 against anyone at any time and under any circumstances …." *United States v. Texas*, 97 F.4th 268, 298 (5th Cir. 2024) (Oldham, J., dissenting). *See also* ECF no. 1 at 24 ¶ 2 (requesting an "injunction prohibiting Defendants, their respective agents, officers, employees, and successors, and all persons acting in concert with each or any of them, from enforcing any of [S.B.4]"). Thus, this Court should grant a stay.

## CONCLUSION

For all these reasons, the undersigned parties respectfully request this Court grant their motion and stay all trial proceedings. Defendants propose that the court stay all trial proceedings until 30 days after issuance of any mandate back to this Court, following resolution of the Fifth Circuit appeal of the preliminary injunction order entered in the related case *United States v. Texas*, et.al., No. 1:24-cv-00008-DAE, but any party could move the Court to lift the stay at any time. Plaintiffs propose that the court stay all trial proceedings pending the Fifth Circuit's decision on

6

the district court's preliminary injunction order entered in the related case *United States v. Texas*, et.al., No. 1:24-cv-00008-DAE, or any party's request to lift the stay.

| | |
|---|---|
| Date: April 26, 2024 | Respectfully submitted. |
| **KEN PAXTON**<br>Attorney General | */s/ Kathleen T. Hunker*<br>**KATHLEEN T. HUNKER**<br>Special Counsel<br>Tex. State Bar No. 24118415 |
| **BRENT WEBSTER**<br>First Assistant Attorney General | |
| **RALPH MOLINA**<br>Deputy Attorney General for Legal Strategy | **HEATHER L. DYER**<br>Special Counsel<br>Tex. State Bar No. 24123044 |
| **RYAN D. WALTERS**<br>Chief, Special Litigation Division | **GARRETT GREENE**<br>Special Counsel<br>Tex. State Bar No. 24096217 |
| | OFFICE OF THE ATTORNEY GENERAL OF TEXAS<br>Special Litigation Division<br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711-2548<br>Tel.: (512) 463-2100<br>Kathleen.Hunker@oag.texas.gov<br>Heather.Dyer@oag.texas.gov<br>Garrett.Greene@oag.texas.gov |
| | **COUNSEL FOR STATE DEFENDANTS** |
| **KIMBERLY GDULAS**<br>Chief, General Litigation Division | */s/Biff Farrell*<br>**BIFF FARRELL**<br>Assistant Attorney General<br>Tex. State Bar No. 24110523 |
| | OFFICE OF THE ATTORNEY GENERAL OF TEXAS<br>Special Litigation Division<br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711-2548<br>Tel.: (512) 463-2120<br>biff.farrell@oag.texas.gov |
| | **COUNSEL FOR MCLENNAN COUNTY DA** |

TORIBIO "TERRY" PALACIOS
CRIMINAL DISTRICT ATTORNEY
HIDALGO COUNTY, TEXAS

*/s/ Leigh Ann Tognetti*
Leigh Ann Tognetti
Assistant District Attorney
Texas Bar No. 24083975
leigh.tognetti@da.co.hidalgo.tx.us
Jacqueline Villarreal
Assistant District Attorney
Texas Bar No. 24093302
jacqueline.villarreal@da.co.hidalgo.tx.us

TORIBIO "TERRY" PALACIOS
HIDALGO COUNTY CRIMINAL DISTRICT ATTORNEY
100 E. Cano, First Floor
Hidalgo County Courthouse Annex III
Edinburg, Texas 78539
Tel: (956) 292-7609
Fax: (956) 318-2301

***Attorneys for Defendant Toribio "Terry" Palacios***

MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND
/s/ *Nina Perales*
Nina Perales (Tex. Bar No. 24005046)
Thomas A. Saenz (Cal. Bar No. 159430)*
Fátima L. Menéndez (Tex. Bar No. 24090260)
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone: (210) 224-5476
Facsimile: (210) 224-5382
nperales@maldef.org
tsaenz@maldef.org
fmenendez@maldef.org

*Attorneys for Plaintiff LUPE*

NATIONAL IMMIGRATION LAW CENTER
Lisa S. Graybill
(Tex. Bar No. 24054454)
P.O. Box 40476
Austin, TX 78704
Phone: (213) 493-6503
Facsimile: (213) 639-3911
graybill@nilc.org

NATIONAL IMMIGRATION LAW CENTER
Lynn Damiano Pearson*
(Georgia Bar No. 311108)
3450 Wilshire Blvd., No. 108-62
Los Angeles, CA 90010
Phone: (213) 639-3900
Facsimile: (213) 639-3911
damianopearson@nilc.org

**Attorneys for Doe Plaintiffs**

*Pro Hac Vice Applications Forthcoming

**CERTIFICATE OF CONFERENCE**

I hereby certify that on April 24, 2024, and April 25, 2024, I conferred with counsel, via email, regarding this Motion. Defendant district attorneys for Harris and Bastrop Counties have not yet appeared in the case. All other parties join this motion.

*/s/ Kathleen T. Hunker*
**KATHLEEN T. HUNKER**

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on April 26, 2024 and that all counsel of record were served by CM/ECF.

*/s/ Kathleen T. Hunker*
**KATHLEEN T. HUNKER**